# United States Court of Appeals
# for the Fifth Circuit

―――――――

No. 23-30833
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2024

Lyle W. Cayce
Clerk

LMP Properties, L.L.C.; Porche Investments, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Interstate Fire & Casualty Company; Independent
Specialty Insurance Company,

*Defendants—Appellants*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-6215

―――――――――――――――――――――――

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

   Interstate Fire & Casualty Company and Independent Specialty Insurance Company contest the denial of their motion to compel arbitration. During the pendency of this appeal, our court clarified the law relevant to the district court's denial of that motion. *See Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 731–33 (5th Cir. 2024). Following the

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

publication of *Bufkin*, Appellees LMP Properties, L.L.C. and Porche Investments, L.L.C. notified our court of their non-opposition to Appellants' opening brief, choosing not to file a brief of their own. "We review *de novo* the denial of a motion to compel arbitration . . . ." *Id.* at 729.

Appellees filed this action against foreign and domestic insurers in Louisiana state court asserting damages from breach of contract and bad faith violations of state law. Appellants timely removed the action and filed a motion to compel arbitration pursuant to an arbitration clause in the insurance policy. Appellants asserted the district court should compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention), a codified international treaty providing "citizens of signatory countries the right to enforce arbitration agreements." *Id.* In an attempt to avoid the Convention's application, Appellees filed a notice of voluntary dismissal of claims against the foreign insurers. Based on the dismissal of those claims, the district court denied the motion to compel arbitration.

The Convention applies despite Appellees' dismissal of claims against the foreign insurers. Appellees alleged "substantially interdependent and concerted conduct by the domestic and foreign insurers." *Id.* at 731. "While [Appellees] w[ere] certainly free to name and then dismiss the foreign insurers, the district court was not free to *disregard* them in considering the domestic insurers' motion to compel arbitration." *Id.* at 732. Because the motion to compel arbitration should have been granted, we REVERSE and REMAND.